## ROBERT B. WOODWORTH *v.* FRANCIS D. GOTT.

APPEAL from the District Court of the First District, *Buchanan, J.*

MARTIN, J.   The plaintiff instituted a suit against the defend-- ant, who had contracted to build three brick houses for him, on- the ground that he did not execute the work according to his undertaking, that the same was done inartificially, and not com- pleted within the time agreed upon.   He claimed damages for the injury he had sustained.

The defendant pleaded the general issue, averring that he had performed every part of his contract; he denied that the plain- tiff had complied with his engagements, or ever put him in de- fault.   In a supplemental answer he claimed, in reconvention, a sum of six thousand dollars, according to an account an- nexed, for work and labor performed under the contract stated in the petition, and for other work growing out of the same.

The case was referred by the judge to experts, who differed materially in their report, in the estimate of damages, devia- tions from the contract, &c.   An umpire was appointed, whose report corresponded with the expert's appointed by the plaintiff, and was homologated.   Accordingly judgment was given for $76 43, in favor of the defendant, on his plea in reconvention. The court, considering that the plaintiff had established almost all the damages claimed by him, thought it proper to decree that each party should pay one half of the costs, and the plaintiff ap- pealed.

It does not appear to us that the court erred in deciding the case on the report of the experts, and we cannot see how it could have done otherwise.   The plaintiff's and appellant's counsel has, however, shown that the court erred in allowing a claim of $129 for extra work done by the defendant, manifestly overlook-

ing an entry of leave given to the defendant, on the motion of his attorney, to discontinue his claim for extra work.

The counsel, also, complains that the court overlooked the plaintiff's claim for the loss of rent, after the period at which the houses ought to have been delivered.

It does not appear to us that the court erred on the last point. Damages cannot be allowed on account of the delay in delivering the houses at the period appointed, unless the defendant has been put *in mora*.    The plaintiff ought to be relieved from the error of the judge in over looking the defendant's renunciation of his claim for compensation for the extra work, which is manifest.    The $76 43, which the defendant has recovered, ought to be deducted from the $129, and the plaintiff must have judgment for the balance, viz : $52 57.

It is, therefore, ordered, adjudged and decreed, that the judgment be annulled, and that the plaintiff recover from the defendant the sum of fifty-two dollars and fifty-seven cents, with costs in both courts.

*Rawle*, for the appellant.

*Larue* and *Roselius*, for the defendant.